ALAN NAKAZAWA, State Bar No. 84670
alan.nakazawa@cwn-law.com
CAROLINE J. WILSON, State Bar No. 341286
caroline.wilson@cwn-law.com
COLLIER WALSH NAKAZAWA LLP
One World Trade Center, Suite 2370
Long Beach, California 90831
Telephone: (562) 317-3300
Facsimile: (562) 317-3399

Attorneys for Petitioner BBC
CHARTERING CARRIERS GMBH &
CO KG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BBC CHARTERING CARRIERS GMBH & CO. KG,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>HSIN SILK ROAD SHIPPING LIMITED;<br><br>　　　　Respondents. | Case No.<br><br>**PETITION FOR CONFIRMATION, RECOGNITION, AND ENFORCEMENT OF A FOREIGN ARBITRAL AWARD AND TO ENTER JUDGMENT THEREON**<br><br>[9 U.S.C. § 207] |

BBC Chartering Carriers GMBH & Co. KG ("Petitioner" or "BBC") hereby files this Petition under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards; June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38, available at 1970 WL 104417 (the "New York Convention"), which was ratified by Congress and codified at 9 U.S.C. §§ 201, *et seq*.

## I.   PARTIES

1. Petitioner BBC is a foreign entity organized and existing under the laws of a foreign nation, with its principal offices in Leer, Germany. Petitioner is the Claimant in a recently completed arbitration before Jonathan Elvey ("Mr. Elvey" or the "Arbitrator") in London, England that is the subject of this Petition (the "Arbitration").

2. Petitioner is informed and believes that Respondent HSIN Silk Road Shipping Limited ("Respondent" or "HSIN") was, at all material times, a Federal Maritime Commission bonded non-vessel operating cargo carrier. On information and belief, HSIN is an entity organized and existing under the laws of Hong Kong, with a principal place of business at RM2902 29/F Ho King Comm Ctr 2-16 Fa Yuen St Mongkok Kln Hong Kong 31500 Hong Kong. HSIN is the Respondent in the underlying Arbitration that is the subject of this Petition.

## II.   JURISDICTION AND VENUE

3. The United States of America and the United Kingdom are signatories to the New York Convention.

4. This proceeding arises under the New York Convention as implemented under Chapter 2 of Title 9, United States Code, and particularly 9 U.S.C. § 207. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 9 U.S.C. § 203, regardless of the amount in controversy.

5.  This Court has personal jurisdiction over HSIN because HSIN transacts business in the forum, including the transaction at issue, and the underlying claim for demurrage and/or detention occurred as a result of HSIN's contacts with the forum.

6.  Venue is appropriate in the Central District of California pursuant to 9 U.S.C. § 204, because the underlying action, save for the arbitration agreement, could have been brought in this Court.

### III.  FACTUAL BACKGROUND

7.  On August 31, 2022, the Arbitrator appointed on London Maritime Arbitrators' Association ("LMAA") Terms current at the time, rendered a final award in BBC Chartering Carriers GMBH & Co. KG v. HSIN Silk Road Shipping Limited (the "Award").[1]  The Arbitration was commenced, and the Award was rendered, in London, England. A true and correct copy of the Award is attached to the Declaration of Andrei Kharchenko ("Kharchenko Dec.") filed herein as Exhibit 1.

8.  On or about June 25, 2021, BBC and HSIN entered into a contract evidenced by a booking note (the "Contract"). The booking note incorporated the terms and conditions of BBC's proforma bill of lading (the "Bill of Lading"). A true and correct copy of the Contract and Bill of Lading upon which the Arbitrator based his decisions are attached to the Kharchenko Dec. as Exhibit 2 and Exhibit 3 respectively.

9.  Pursuant to the Contract, BBC had entered into the functional equivalent of a voyage charter agreement with HSIN wherein cargo was to be shipped from China to Southern California pursuant to the Contract. (Award, ¶ 21)

---

[1] After the Award was issued, it came to BBC's attention that there was an inadvertent error contained in the Award. HSIN was accidentally referred to as HSIN Silk Road Shipping Line Co. Ltd. when the accurate name of HSIN is HSIN Silk Road Shipping Limited. The Arbitrator issued a correction on May 17, 2023. A true and correct copy of the correction to the Award is attached to the Kharchenko Dec. as Exhibit 4.

10. The cargo was eventually discharged in Los Angeles, California on January 22, 2022. (Award, ¶ 23).

11. The Arbitration arose out of a commercial dispute relating to HSIN's non-payment of detention/demurrage charges duly owed to BBC pursuant to the Contract. (Award, ¶ 35).

12. Clause 4 of the incorporated Bill of Lading contained an arbitration clause included in the providing that "any dispute arising under or in connection with this Bill of Lading shall be referred to arbitration in London. The arbitration shall be conducted in accordance with the London Maritime Arbitrators' Association (LMAA) terms. The arbitration Tribunal is to consist of three arbitrators, one arbitrator to be appointed by each party and two so appointed to appoint a third arbitrator. English law to apply." (Contract, at Clause 4; Bill of Lading, at Clause 4).

13. On or about April 15, 2022, BBC appointed Mr. Elvey of 78 York Street London, W1H 1DP, as its arbitrator. (Award, ¶ 4). Mr. Elvey was and is a full member of the LMAA and accepted appointment on LMAA Terms current at the time, namely the 2021 Terms. (Award, ¶ 4).

14. That same day, BBC provided notice of Mr. Elvey's appointment to HSIN and asked HSIN to appoint its own arbitrator within fourteen days. (Award, ¶ 5). In its notice, BBC advised that it would seek to appoint Mr. Elvey as the sole arbitrator should HSIN fail to respond within the above referenced fourteen days. (Award, ¶ 5).

15. On May 4, 2022, BBC advised Mr. Elvey that HSIN had failed to appoint an arbitrator or respond in any way to its notice that the subject dispute had been referred to arbitration in accordance with the Contract. (Award, ¶ 5). Accordingly, BBC asked Mr. Elvey to accept appointment as sole arbitrator pursuant to paragraph 10 of the LMAA Terms. Kharchenko Dec., ¶¶ 9-11, https://lmaa.london/wp-content/uploads/2022/11/LMAA-Terms-2021.pdf

16. Mr. Elvey, accepted his appointment as sole arbitrator pursuant to the LMAA 2021 Terms and the Arbitration commenced. (Award, ¶ 7).[2]

17. The Arbitrator found that the subject dispute properly arose under the Contract, and the matter was properly referred to arbitration pursuant to the terms of the Contract. (Award, ¶¶ 1-3).

18. After consideration of the evidence, which included the Contract and other relevant cargo documents, the Arbitrator determined that HSIN had breached its obligations under the Contract for failure to pay demurrage and detention charges duly owed to BBC, and that as a result, HSIN was obligated to pay BBC under the terms and conditions of the Contract, plus interest, and that BBC was entitled to recover against HSIN the costs and fees associated with the Arbitration. (Award, ¶¶ 35-38).

19. In the Award, the Arbitrator awarded damages in favor of BBC, and against HSIN as follows:

a. The principal amount of USD $1,857,570.83, plus interest at a rate of 4.5% per annum compounded at three-monthly rests, from January 23, 2022 to the date of payment, both dates inclusive;

b. Costs for the arbitration reference to be assessed by the Arbitrator, should BBC and HSIN not come to an agreement, together with an interest rate of

---

[2] HSIN's failure to meaningfully participate in the Arbitration was not due to lack of notice. As thoroughly documented in the Award, BBC and Mr. Elvey repeatedly advised HSIN that the subject dispute had been referred to arbitration. (Award, ¶¶ 5-19). HSIN acknowledged receipt of the advisements by emailing the Arbitrator on August 16, 2022 asking about defense submissions, and even still, failed to participate in the Arbitration. (Award, ¶ 18). Mr. Elvey nevertheless required that BBC "prove every element of their case." (Award, ¶ 20).

4.5% per annum, compounded at three-monthly rests, from the date of the Award to the date of payment, both dates inclusive;[3]

      c.    Costs for the Award which was assessed at GBP £ 1,715[4] together with interest on the sum paid by BBC at the rate of 4.5% per annum compounded at three-monthly rests from the date of BBC's payment until the date of reimbursement, both dates inclusive.

### IV.    LEGAL ARGUMENT

20.    The Award is a foreign arbitral award, the enforcement of which is governed by the New York Convention because the award was issued in the United Kingdom, which, like the United States is a signatory to the New York Convention. *See* 9 U.S.C. §§ 201-02; *Hall Steel Co. v. Meatalloyd Ltd.*, 492 F. Supp. 2d 715, 717 (E.D. Mich. 2007) (noting that both the United States and United Kingdom are signatories to the New York Convention); *see also Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarian Co.*, 284 F.3d 1114, 1120 (9th Cir. 2002) (holding that the New York Convention governs if a nation where the award was issued is a party to the New York Convention.).

21.    The arbitration agreement and the Award fall under the New York Convention because they arise out of legal and contractual relationship between two foreign entities that are considered commercial. 9 U.S.C. § 202.

22.    This Petition is authorized by 9 U.S.C. § 207 because Petitioner seeks enforcement within three years of the rendering of the Award.

---

[3] The Arbitrator expressly reserved jurisdiction to resolve any dispute over fees should HSIN and BBC not come to an agreement.

[4] Petitioners request that the cost for the Award be calculated according to the prevailing exchange rates as of the date that judgment is entered. *See Linley Invs. v. Jamagotchian*, No. 11-cv-00724-JAK (RZX), 2014 U.S. Dist. LEXIS 197656 (C.D. Cal. Apr. 16, 2016), aff'd 670 F. App'x 627 (9th Cir. 2016).

23. This Court has authority to confirm the Award under 9 U.S.C. § 207, as it is a final award falling under the New York Convention, "made in the territory of a State other than the State where the recognition and enforcement of such awards are sought." New York Convention Art. I, Sec. 1.

24. No grounds for refusal of or deferral of recognition or enforcement exist. 9 U.S.C. § 207.

25. Petitioner has provided the Court with duly certified copies of the Award and subject arbitration agreement within the Contract. *See* Kharchenko Dec. Exhibits 1, 2, 3.

## IV.    PRAYER

Petitioner BBC prays for relief as follows:

1. That the Court enter an Order confirming the August 31, 2022 Award in the principal amount of USD $1,857,570.83, plus interest, costs of the Arbitration reference plus interest, and costs for the Award in the amount of GBP £ 1,715 plus interest.

2. That judgment be entered in conformity with the Award;

3. That Petitioner recover all of its costs incurred herein, including attorneys' fees and costs of suit;

4. That Petitioner recover prejudgment interest; and

5. That Petitioner be awarded any and all other relief that the Court deems just and proper.

///

///

///

///

///

///

Dated: July 26, 2023                    COLLIER WALSH NAKAZAWA LLP

By:     */s/* Alan Nakazawa
       Alan Nakazawa
       Caroline J. Wilson
       Attorneys for Petitioner BBC CHARTERING CARRIERS GMBH & CO KG