1  ALAN NAKAZAWA, State Bar No. 84670
   alan.nakazawa@cwn-law.com
2  CAROLINE J. WILSON, State Bar No. 341286
   caroline.wilson@cwn-law.com
3  One World Trade Center, Suite 2370
   Long Beach, California 90831
4  Telephone: (562) 317-3300
   Facsimile: (562) 317-3399
5
6  Attorneys for Petitioner BBC
   CHARTERING CARRIERS GMBH
7  CO KG

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

| 11 | BBC CHARTERING CARRIERS GMBH & CO. KG, | Case No. 2:23-cv-06043-MWF |
|---|---|---|
| 12 | Petitioner, | Assigned to the Honorable Michael W. Fitzgerald |
| 13 | v. | **NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| 14 | HSIN SILK ROAD SHIPPING LIMITED, | |
| 15 | Respondent. | Date: December 18, 2023
Time: 10:00 a.m.
Location: Courtroom 5A |

18

19     TO THE COURT AND TO RESPONDENT

20     PLEASE TAKE NOTICE that on December 18, 2023 at 10:00 a.m., or as soon
thereafter as the matter may be heard by the Honorable Michael W. Fitzgerald,
District Judge, Courtroom 5A of the above-entitled Court, Petitioner BBC Chartering
Carriers GMBH & Co. KG will, and hereby do, present their motion for default
judgment against Respondent HSIN Silk Road Shipping Limited ("Respondent") on
the ground that Respondent has failed to appear or otherwise respond to the Petition
for Confirmation, Recognition, and Enforcement of a Foreign Arbitral Award (the
"Petition") within the time prescribed by the Federal Rules of Civil Procedure.

       This motion will be and is based on this Notice, the Memorandum of Points

and Authorities, the Declaration of Caroline J. Wilson and Exhibits thereto filed concurrently herewith, on the complete record of the Court, and on any other matter that may be presented and accepted by the Court at the hearing.

Dated: November 10, 2023        COLLIER WALSH NAKAZAWA LLP

By:     /s/ Caroline J. Wilson
        Alan Nakazawa
        Caroline J. Wilson
        Attorneys for Petitioner BBC
        CHARTERING CARRIERS GMBH
        CO KG

# MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

Petitioner BBC Chartering Carriers GMBH & Co. KG ("Petitioner" or "BBC") seeks confirmation, recognition, and enforcement of a final international arbitration award issued on August 31, 2022 (the "Award") under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards; June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38, available at 1970 WL 104417 (the "New York Convention"), which was ratified by Congress and codified at 9 U.S.C. §§201, *et seq.*[1] The Award was issued in favor of BBC against Respondent HSIN Silk Road Shipping Limited ("Respondent" or "HSIN").

As further demonstrated below, the Award meets the criteria for confirmation under the New York Convention, Respondent has failed to timely appear or respond to the Petition and is in default (Dkt. 13), and the Petition for confirmation should be granted and judgment should be entered in favor of Petitioner in conformity with the terms of the Award.

## II. BACKGROUND

Petitioner is the Claimant in a recently completed arbitration before Jonathan Elvey ("Mr. Elvey" or the "Arbitrator") in London, England. Petition, at ¶ 7. HSIN is the respondent in the underlying arbitration that is the subject of this action. Petition, at ¶ 2. On August 31, 2022, the Arbitrator who was appointed on London Maritime Arbitrators' Association ("LMAA") Terms current at the time, rendered a final award in BBC Chartering Carriers GMBH & Co. KG v. HSIN Silk Road Shipping Limited (the "Award").[2] Petition, at ¶ 7. The Arbitration took place, and the Award was

---

[1] Petitioner incorporates by reference its Petition for Confirmation, Recognition, and Enforcement of a Foreign Arbitral Award and to Enter Judgment Thereon ("Petition," Dkt.1) and its copy of the Award attached as Exhibit 1 to the Declaration of Andrei Kharchenko filed concurrently therewith ("Award," Dkt. 1-2).

[2] After the Award was issued, it came to Petitioner's attention that there was an inadvertent error in the Award. HSIN was accidentally referred to as HSIN Silk Road Shipping Line Co. Ltd. when

rendered in London, England. Petition, at ¶ 1.

On or about June 25, 2021, BBC and HSIN entered into a contract as evidenced by a booking note (the "Contract"). Petition, at ¶ 8.  The Contract incorporated the terms and conditions of BBC's proforma bill of lading (the "Bill of Lading"). Petition, at ¶ 8.  Pursuant to the Contract, cargo was to be shipped from China to Southern California. Petition, at ¶ 9. The cargo was eventually discharged in Los Angeles, California on January 22, 2022. Petition, at ¶ 10.

After considering the evidence, the Arbitrator determined that HSIN had breached its obligations under the Contract for failure to pay demurrage and detention charges duly owed to Petitioner, and that as a result, HSIN was obligated to pay BBC under the terms and conditions of the Contract, plus interest, and that BBC was entitled to recover against HSIN the costs of the Award. Petition, at ¶ 18.

On July 26, 2023, BBC filed its Petition for Confirmation, Recognition, and Enforcement of the Award. BBC served HSIN with copies of the Petition and Summons on CeCe Yang on August 15, 2023 (Dkt. 9).[3] CeCe Yang is the registered agent of Hsin Silk Road Shipping USA, Inc. and accepted service on behalf of HSIN pursuant to the Federal Rules of Civil Procedure Rule 4(h) and the California Code of Civil Procedure Rule 416.10. CeCe Yang has previously accepted service of process on behalf of HSIN without challenging service of process. *See Always Home Int'l Inc. v. HSIN Silk Road Shipping Ltd. et al.*, 2:22-cv-02711-PA-JC, Dkt. 20. Accordingly, HSIN's response to the Petition was due on or before September 5, 2023. On September 28, 2023, BBC through counsel, provided notice to HSIN via email of BBC's intention to seek default judgment in this Action along with conformed copies of the Petition and Summons. Declaration of Caroline J. Wilson

---

the accurate name of HSIN is HSIN Silk Road Shipping Limited. The Arbitrator issued a correction on May 17, 2023.

[3] BBC later filed an Amended Proof of Service to correct the spelling of CeCe Yang's surname (Dkt. 11).

("Wilson Decl.") at ¶ 8.

On September 29, 2023, BBC, through counsel, provided notice to HSIN of BBC's intention to seek default judgment in this Action, along with conformed copies of the Petition and Summons, via FedEx. (Wilson Decl. at ¶ 9). On October 10, 2023 BBC filed its request for entry of default (Dkt. 12), and on October 11, 2023 the clerk entered default against HSIN (Dkt. 13). Conformed copies of BBC's request for entry of default and the Clerk's entry of default are in the process of being served. (Wilson Decl. at ¶ 10). BBC's request for entry of default and the Clerk's entry of default were also sent to HSIN via email and FedEx. (Wilson Decl. at ¶¶ 11-12). To date, HSIN has failed to appear or respond in this Action despite several notices and proper service of the Petition. (Wilson Decl. at ¶ 7).

## III. ARGUMENT

### A. BBC's Petition to Confirm, Recognize, and Enforce the Ward Is Proper Under the New York Convention

The Award should be confirmed because it and the Petition satisfy all of the requirements of the New York Convention. An arbitration award falls under the New York Convention when the award arises out of a legal relationship that is commercial in nature and not entirely domestic in scope. *Minister of Def. of Islamic Republic v. Gould, Inc.*, 887 F.2d 1357, 1362 (9th Cir. 1989). Accordingly, the New York Convention governs the confirmation, recognition, and enforcement of the Award because the Award was issued in the United Kingdom, which – like the United States – is a signatory to the New York Convention. *See* 9 U.S.C. §§ 201-02; *Hall Steel Co. v. Meatalloyd Ltd.*, 492 F. Supp. 2d 715, 717 (E.D. Mich. 2007) (noting that both the United States and United Kingdom are signatories to the New York Convention); *see also Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarian Co.*, 284 F.3d 1114, 1120 (9th Cir. 2002) (holding that the New York Convention governs if a nation where the award was issued is a party to the New York Convention.). Furthermore, the arbitration agreement and the Award fall under the New York Convention because

they arise out of legal and commercial relationship between two foreign entities. 9 U.S.C. § 202. Accordingly, the Award should be confirmed, recognized and enforced.

### B.  This Court has Jurisdiction to Enforce the Award

"[W]ithin three years after an arbitral award falling under the [New York] Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration." 9 U.S.C. §207; *see also* 9 U.S.C. §203 ("An action or proceeding falling under the [New York] Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States ... shall have original jurisdiction over such an action or proceeding ..."). The Petition is therefore timely because it is submitted within three years of the rendering of the Award.

### C.  No Grounds Exist for Refusal to Confirm the Award

"[T]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984). The New York Convention manifests "a general pro-enforcement bias" for foreign arbitration awards. *Gould,* 969 F.2d 764, 660 (9th Cir. 1992) (quoting *Parson & Whittemore Overseas Co. v. Societe Generale de L'Industrie du Papier*, 508 F.2d 969, 973 (2d Cir. 1974)). As a result, "[t]he district court's ... review of a foreign arbitration award is quite circumscribed" and "the court shall confirm the award unless it finds one of the [seven] grounds for refusal ... specified in the [New York] Convention." *Gould*, 969 F.2d at 770.

"The burden of establishing the requisite factual predicate to deny confirmation of an arbitral award rests with the party resisting confirmation," and "the showing required to avoid summary confirmation is high." *Int'l Trading and Indus. Inc. Co. v. DynCorp Aerospace Technology*, 763 F. Supp. 2d 12, 20 (D.D.C. 2011) (quoting *Imperial Ethiopian Gov't v. Baruch-Foster Corp.*, 535 F.2d 334, 336 (5th Cir. 1976).

There are seven grounds for refusing to confirm an award which are set out in Article V of the New York Convention. *Ministry of Def. and Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Defense Systems, Inc.*, 665 F.3d 1091, 1096 (9th Cir. 2011). While it is Respondent's burden to raise, and prove facts warranting refusal to confirm the Award, BBC notes that none of the seven grounds for refusing to confirm the Award are present here.

First, Article V(1)(a) of the New York Convention provides a defense when the parties to the pertinent agreement are under some incapacity or the agreement to arbitrate is invalid. This defense is inapplicable here since there is no evidence to even remotely suggest that Respondent was under some incapacity or that the agreement to arbitrate contained in the Contract was somehow invalid.

Second, Article V(1)(b) of the New York Convention provides a defense when the party against whom the award is made was not given notice of the appointment of the arbitrator or the arbitration proceedings or was otherwise unable to present its case. Here, notice to Respondent of the commencement of the arbitration, as well as the appointment of the Arbitrator is well documented in the Award. Moreover, Respondent acknowledged receipt of the notice of arbitration, and nevertheless failed to engage in the arbitration. Award, at ¶¶ 18-20.

Third, Article V(1)(c) of the New York Convention provides a defense when the award deals with a dispute not contemplated by or not falling within the terms of the parties' arbitration agreement, or the award contains decisions on matters beyond the scope of the arbitration agreement. Here, Clause 4 of the incorporated Bill of Lading contained an arbitration clause providing that "any dispute arising under or in connection with this Bill of Lading shall be referred to arbitration in London. The arbitration shall be conducted in accordance with the London Maritime Arbitrators' Association (LMAA) terms. The arbitration Tribunal is to consist of three arbitrators, one arbitrator to be appointed by each party and two so appointed to appoint a third arbitrator. English law to apply." Petition, at ¶ 12. Because the scope of the parties'

arbitration clause is broad and applies to "any claims or actions," arising out of incorporated Bill of Lading, which necessarily includes Petitioner's claim for payment of detention and demurrage charges pursuant to the Contract, Article V(1)(c) is inapplicable.

Fourth, Article V(1)(d) of the New York Convention provides a defense when the composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties. This defense is not applicable because the arbitration was conducted pursuant to the LMAA Terms as provided in the Contract, which is expressly documented in the Award.

Fifth, Article V(1)(e) of the New York Convention provides a defense when the award has not yet become binding on the parties or has been set aside or suspended by a competent authority in the country where the award was made. Here, the Award was issued and finalized on August 31, 2022. (Award ¶ 3).

Sixth, Article V(2)(a) of the New York Convention provides a defense when the subject matter of the dispute is not capable of by arbitration under the law of the country where recognition and enforcement are sought. The underlying dispute arises out of Respondent's breach of the Contract and standard commercial contracts are capable of settlement by arbitration. *See, e.g., Consim Info Pvt. Ltd. v. Burning Glass Int'l, Inc.*, No. 11-cv-1053, 2011 U.S. Dist. LEXIS 166612, at *8 (S.D. Cal. Nov. 8, 2011).

Lastly, Article V(2)(b) of the New York Convention provides a defense when recognition or enforcement of the award would be contrary to the public policy of the country where recognition and enforcement are sought. Said defense, however, "applies only when confirmation or enforcement of a foreign arbitration award would violate the forum state's most basic notions of morality and justice," see *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.,* 665 F.3d 1091, 1097 (9th Cir. 2011) (internal quotation and citation omitted). Petitioner is unaware of any public policy grounds that would be implicated

in this case that would justify refusal of the enforcement of the Award.

Here, the Arbitrator discharged his duties and issued a comprehensive award after considering the evidence. Given that none of the limited exceptions stated above apply in this case, nor have they ever been raised, the Award should be confirmed, recognized and enforced.

### D. Default Judgment Is Appropriate in this Case.

The Federal Rules of Civil Procedure grant the Court the power to enter a default judgment. Fed. R. Civ. P. 55(b)(2). In the event of a default judgment, the Court "need not make detailed findings of fact," *Danu Vina Co. v. Cloud B. Inc.*, cv19-1110, 2019 U.S. Dist. LEXIS 121902, at *5 (C.D. Cal. Apr. 30, 2019). Courts will consider the following factors when evaluating a motion for entry of default judgment: "(1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

#### 1) BBC Will Suffer Prejudice If Default Judgment Is Not Entered

BBC has exhausted all of its options to recover monies owed by HSIN. HSIN failed to engage in the arbitration despite repeated notice. HSIN has been served with the Petition and provided continued notice of the present proceedings and has again, failed to participate. (Wilson Decl. at ¶ 7). Lastly, in the two years since the dispute arose, HSIN has failed to pay BBC for its outstanding detention and demurrage charges. Without a default judgment, HSIN will have no other recourse for recovery. Therefore, this factor favors entry of default judgment.

#### 2) BBC's Well Pled Petition Demonstrate Success on the Merits

As mentioned in Section III.C *infra*, confirmation, recognition, and enforcement of a foreign arbitration award pursuant to the New York Convention is a

"is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Florasynth,* 750 F.2d at 176. The grounds to refuse an award under the New York Convention are extremely limited and not present here. Moreover, HSIN has never sought to vacate the Award nor has it ever presented any opposition to the merits of the underlying dispute. Accordingly, this factor favors entry of default judgment.

### 3) The Amount At Stake Is Certain and Reasonably Calculated

The fourth *Eitel* factor considers "the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc. v. Cal. Sec. Cans.*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). The calculation of monies owed to BBC is purely a function of the Contract and the damages requested by BBC are reasonable as it only seeks what is due under the Award.

### 4) HSIN's Default Was Not Due to Excusable Neglect

Court's weigh in favor of a default judgment where a respondent has been properly served or the plaintiff demonstrates that the defendant is aware of the pending action. *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). As demonstrated above, BBC properly served HSIN with the Petition (Dkt. 9), and provided repeated notice of the instant action via email and by mail courier. (Wilson Decl. at ¶¶ 8,9,10,11,12). Moreover, while HSIN acknowledged notice of the Arbitration, as documented in the Award, it did not challenge or assert any opposition to BBC's claims. (Award ¶18-20). There is no evidence that HSIN's failure to respond is the result of excusable neglect. Rather the evidence shows that HSIN is deliberately refusing to engage in this matter. This factor therefore weighs in favor of granting default judgment.

### 6) A Decision on the Merits Is Impractical

*Eitel*, provides that "[c]ases should be decided on their merits whenever reasonably possible." 782 F.2d at 1472. However, where respondent has failed to respond or appear in the action "a decision on the merits [is] impractical, if not

impossible." *PepsiCo*, 238 F. Supp. 2d at 1177. Since HSIN has failed to respond or appear in this action, a decision on the merits would be impracticable and default judgment is warranted.

## V. CONCLUSION

In light of the foregoing, Petitioner respectfully requests that this Court enter an Order confirming the Award, entering Judgment in accordance with its terms, and awarding Petitioner its post-judgment interest, along with all other relief the Court deems just and proper.

Dated: November 10, 2023     COLLIER WALSH NAKAZAWA LLP

By: /s/ Caroline J. Wilson
Alan Nakazawa
Caroline J. Wilson
Attorneys for Petitioner BBC

**Certificate of Compliance**

The undersigned, counsel of record for BBC Chartering Carriers GMBH & Co. KG, certifies that this brief contains 3,210 words, which complies with the word limit of L.R. 11-6.1.

Dated: November 10, 2023          COLLIER WALSH NAKAZAWA LLP

By: ___/s/ Caroline J. Wilson___
Alan Nakazawa
Caroline J. Wilson
Attorneys for Petitioner BBC Chartering Carriers GMBH & Co. KG

COLLIER WALSH NAKAZAWA LLP
One World Trade Center, Suite 2370
Long Beach, California 90831
Telephone (562) 317-3300

12                                            Case No. 2:23-cv-06043-MWF
NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES